UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-05938-JFW (DFM) | Date: | November 1, 2022 |
|---|---|---|---|
| Title | Tradel Billy Faniel v. H. Shirley | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Court Reporter |
| Deputy Clerk | | Not Present |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On August 19, 2022, Petitioner Tradel Billy Faniel, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under this rule, district courts may "consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 202 (2006). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. For the reasons set forth below, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely.

On December 12, 2018, Petitioner was convicted of attempted murder under California Penal Code § 664-187(A). See Petition at 2; see also Superior Court of California, County of Los Angeles, Criminal Case Summary, https://www.lacourt.org/criminalcasesummary/ui/ (search by number "SA086599") (last accessed Oct. 26, 2022). He pled nolo contendere, and the Superior Court for Los Angeles County sentenced him to a total of 20 years' imprisonment. See Petition at 2; see also Superior Court of California, County of Los Angeles, supra. Petitioner asserts that his sentence was enhanced under both (i) California Penal Code § 186.22 (participation in criminal street gang); and (ii) California Penal Code § 667(c) (violent felonies constituting "strike crimes" under California's "three strikes" law). See Petition at 2. Petitioner challenges his sentence, arguing that applying this combination of enhancements to his sentence was contrary to law. See Dkt. 3 at 2, 5-8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Petitioner asserts that he appealed his convictions to the California appellate court and to the California Supreme Court, and that his appeals were "denied." See Petition at 2-3. However, the case number Petitioner provides for his appeals (SA086599) is the case number from his trial court proceedings. See id.; Superior Court of California, County of Los Angeles, supra.

Based on records from the Superior Court for the County of Los Angeles, the California Second District Court of Appeal, and the California Supreme Court, it appears that Petitioner did not directly appeal his conviction. See Superior Court of California, County of Los Angeles, supra; California Courts, Appellate Court Case Information, 2nd Appellate District, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (search by last name "Faniel") (last accessed Oct. 26, 2022) (no record of criminal appeal by Petitioner); California Courts, Appellate Court Case Information, Supreme Court, https://appellatecases.courtinfo.ca.gov/ search.cfm?dist=0 (search by last name "Faniel") (last accessed Oct. 26, 2022) (same).

Instead, it appears that Petitioner filed several habeas petitions at the state-court level before filing the instant Petition. According to the case summary from Petitioner's trial court proceedings, Petitioner filed a habeas petition with the trial court on May 4, 2020. See Superior Court of California, County of Los Angeles, supra. While the trial court records do not indicate how the court ruled, it appears the court may have denied the petition during its hearing on the petition on June 29, 2020. See id.[1] According to state appellate court records, Petitioner filed a habeas petition in the Court of Appeal, Second Appellate District, on July 27, 2020. See California Courts, Appellate Court Case Information, 2nd Appellate District, supra (search by case number "B306759"). The appellate court denied the petition on August 3, 2020. See id. Petitioner subsequently filed a habeas corpus petition with the California Supreme Court on September 10, 2020, and the California Supreme Court denied the petition on November 24, 2020. See California Courts, Appellate Courts Case Information, Supreme Court, supra (search by case number "S264377").

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Ordinarily, the limitations period runs

---

[1] Petitioner appears to assert in his Petition that the trial court denied this petition on September 23, 2021. See Petition at 3. However, the trial court records suggest that on that date, the court considered a motion rather than a habeas petition. See Superior Court of California, County of Los Angeles, supra; see also California Rules of Court, Rule 4.551(a)(3) (providing that court must rule on petition for writ of habeas corpus within 60 days after petition is filed).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

from the date on which the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Id.

Here, if Petitioner did not appeal his trial court conviction, his conviction became final once the time to file an appeal expired. Petitioner was required to file an appeal within 60 days after the trial court rendered its judgment. See California Rules of Court, Rule 8.308(a). Petitioner indicates that he was convicted and sentenced on December 12, 2018. See Petition at 2. Thus, it appears Petitioner's conviction became final on February 10, 2019. AEDPA's one-year limitations period would have commenced the next day, February 11, 2019, and expired on February 11, 2020. See 28 U.S.C. § 2244(d)(1). However, Petitioner did not file the instant Petition until August 19, 2022. In the absence of any applicable tolling, it thus appears that the Petition is untimely.

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Here, it appears that California state courts considered Petitioner's habeas petitions between May 4, 2020, and November 24, 2020. See Superior Court of California, County of Los Angeles, supra; California Courts, Appellate Court Case Information, 2nd Appellate District, supra; California Courts, Appellate Courts Case Information, Supreme Court, supra. However, even if the Court were to assume that Petitioner's habeas petitions were properly filed and were pending for that entire time period, Petitioner would only be entitled to statutory tolling of less than seven months. Because Petitioner did not file his Petition until more than two years after the statutory or limitations period expired, the Petition is still untimely. See Dkt. 1.[2]

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d

---

[2] Even if the Court were to assume that Petitioner's habeas petition had been pending in the trial court from May 4, 2020, until September 23, 2021 (the date Petitioner indicates it was denied), the Petition would still be untimely because the sum of the following non-tolled time periods exceeds one year: (i) the time between when Petitioner's judgment became final and when he filed his habeas petition; and (ii) the time between when the trial court denied the habeas petition and when Petitioner filed the instant Petition. See Nino, 183 F.3d at 1006.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Here, Petitioner has not offered any explanation for his failure to file the instant Petition in a timely manner and therefore has not shown that he is entitled to equitable tolling.

Accordingly, based upon the Petition as currently submitted, § 2244(d)(1) appears to bar this action. **Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response no later than twenty-eight (28) days after he is served with this Order.** Petitioner is advised to inform the Court of any direct appeals of his trial court conviction, and he is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling. Petitioner may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form. Petitioner is expressly warned that any dismissed claims may be later subject to AEDPA's statute of limitations.

**Petitioner is warned that his failure to timely respond to this Order will result in the Court dismissing this action with prejudice as untimely and for failure to prosecute. See Fed. R. Civ. P. 41(b).**